UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL J. ABATE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | Civil Action 08-01265  (HHK) (AK) |

MEMORANDUM OPINION

More than two hundred retired officers of the Metropolitan Police Department ("Plaintiffs") bring this action against the District of Columbia ("District"), alleging that the District failed to pay them basic and overtime compensation for fulfilling the duties of "detective sergeants." They allege that this nonpayment violated D.C. Code §§ 5-543.02(c) and 5-1304 as well as the overtime provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Before the Court is the District's motion for judgment on the pleadings or, in the alternative, for summary judgment [#16]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the District's alternative motion for summary judgment should be granted.

I. BACKGROUND

Under District of Columbia law, any member of the Metropolitan Police Department ("MPD") "promoted . . . to the rank of detective sergeant shall receive, in addition to his scheduled rate of basic compensation, $595 per annum." The District Code § 5-543.02(c).

Plaintiffs assert that at certain times during their employment they fulfilled the responsibilities of detective sergeants but did not receive payment pursuant to this provision.

This action follows efforts by other MPD officers to contest the nonpayment of detective sergeant compensation. After filing an unsuccessful grievance to the Chief of Police in 2003, the union that represents MPD officers, the Fraternal Order of Police ("Union"), brought the issue to arbitration on behalf of five active officers. On June 28, 2004, Arbitrator Richard G. Trotter determined that D.C Code § 5-543.02 applied because the officers had "perform[ed] the functions of Detective Sergeant." (Def.'s Mot. for J. on Pleadings Ex. 3 at 7 (Op. & Award by Arbitrator)). He awarded the officers "back pay of $595.00 retroactive to the date that each grievant was assigned to the position of Detective Sergeant" and stated that the award "applies to all similarly-situated employees as described in the grievance." (*Id.* at 8).

The District requested review of the arbitration award by the District of Columbia Public Employee Relations Board ("PERB"). PERB affirmed Arbitrator Trotter's opinion in September 2005. (Def.'s Mot. for J. on Pleadings Ex. 4 (Decision & Order of PERB)). The District did not appeal this ruling.

According to the Union, despite the arbitration award and PERB's ruling, the District did not pay MPD officers who had fulfilled the duties of detective sergeants the compensation they were due. The Union thus filed a motion in the Superior Court of the District of Columbia seeking confirmation of the arbitration award. On February 26, 2008, the Superior Court issued an order requiring that the District "immediately implement the Arbitration Award by conferring on subject grievants and all similarly situated police officer employees of the Metropolitan Police Department status of 'Detective Sergeant' with back pay of $595.00 per annum retroactive to the

date that said employees were assigned to that position." (Pls.' Mot. in Opp'n Ex. 13 at 1-2 (D.C. Super. Ct. Order)).[1]

Plaintiffs filed this action on July 23, 2008. Their complaint asserts four claims arising from the District's failure to pay each plaintiff an additional $595 for each year he allegedly fulfilled the responsibilities of a detective sergeant. In count 1, Plaintiffs allege "a continuing violation of D.C. Code § 5-543.02(c)." (Compl. ¶ 15). In count 2, they allege a violation of D.C. Code § 5-1304 for "fail[ure] to pay plaintiffs correct overtime pay based on their rate of basic compensation" as detective sergeants. (*Id.* ¶ 17). In counts 3 and 4, they allege violations of 29 U.S.C. § 207(a), the overtime provision of the FLSA, for failure to pay correctly calculated overtime payments and for failure to do so in a timely manner.

## II. LEGAL STANDARD

Summary judgment may be granted only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002).[2] A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," as opposed to evidence that "is so one-sided that

---

[1] The District has appealed the Superior Court's order to the District of Columbia Court of Appeals.

[2] Because the Court's decision relies on facts taken from outside the pleadings, it applies the standard appropriate for consideration of MPD's motion for summary judgment, the motion MPD submits as an alternative to its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

one party must prevail as a matter of law." *Id.* at 248, 252.  A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant.  *Id.* at 255.  But the nonmoving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

### III. ANALYSIS

The District argues that Plaintiffs' complaint is barred by the applicable statutes of limitations,[3] which are three years for counts 1 and 2 pursuant to D.C. Code § 12-301(8) and two or three years for counts 3 and 4 pursuant to 29 U.S.C. § 255(a).[4]  The District primarily asserts that the limitations period began to run from the time the MPD eliminated the position of detective sergeant, which it maintains occurred twenty-five years ago.  In the alternative, the District argues that even if the limitations periods began "on the last day of each plaintiff's employment," Plaintiffs' claims would still be barred because more than three years passed between the latest date on which a plaintiff to this suit retired and the filing of the complaint.  (Def.'s Mot. for J. on Pleadings at 18).

---

[3]     The District makes additional arguments regarding whether Plaintiffs' claims under the D.C. Code are properly before this Court and whether Plaintiffs are exempt from the protections of the FLSA.  Because the Court grants summary judgment in favor of the District on all counts based on the statute of limitations defense, it need not address these issues.

[4]     The time limitation for bringing a cause of action under the FLSA is two years, except where the alleged violation was willful, in which case it extends to three years.  29 U.S.C. § 255(a).

Plaintiffs contest the District's assertion that the position of detective sergeant has not existed in recent years. They also respond that "[t]he statute of limitations in this case did not begin to run until the arbitration award was confirmed in Superior Court on February 26, 2008." (Pls.' Mot. in Opp'n at 16). They assert that they were not on notice of their injury before that date, arguing that the discovery rule should apply to delay the date their claims accrued.[5] They further argue that the limitations period for their FLSA claims should be equitably tolled because "it was reasonable for [plaintiffs] to rely on MPD to properly pay them." (*Id.* at 21).

The Court need not resolve the parties' dispute about the existence of the detective sergeant position because even if the position still exists, Plaintiffs' claims are time barred. As a general rule, "a cause of action accrues for the purposes of the statute of limitations at the time the injury actually occurs." *Lee v. Wolfson*, 265 F. Supp. 2d 14, 17 (D.D.C. 2003) (citations omitted). Here, Plaintiffs' alleged injury occurred when their paychecks did not include proper compensation for work they had performed in the preceding pay period. The exact dates on which Plaintiffs allegedly fulfilled the responsibilities of detective sergeants are not in the record before the Court. But the District included in its statement of material facts as to which there is no genuine dispute the assertion that all of the Plaintiffs "retired on or before June 27, 2004."

---

[5] Plaintiffs do not explain why they believe the discovery rule applies to their statutory claims. The Court notes that the rule, which delays the accrual date of a claim where the underlying injury or its cause are concealed or otherwise not apparent, *see Diamond v. Davis*, 680 A.2d 364, 380-81 (D.C. 1996), may not be applicable here. *See id.* at 381 ("This court has extended the discovery rule to many classes of cases, including medical, legal and architectural malpractice actions and products liability actions where the injury is a latent disease, but has declined to declare the rule applicable in all cases.") (citing *Farris v. Compton*, 652 A.2d 49, 54 (1994)). Because Plaintiffs cannot prevail on their discovery rule argument for the reasons explained below, the Court need not resolve this issue.

(Def.'s Statement of Material Facts ¶ 1).[6]  Because Plaintiffs did not controvert this fact, it is deemed admitted.  LCvR 7(h).  Therefore, if Plaintiffs earned detective sergeant compensation they did not receive, they did so by June 27, 2004.  More than three years passed between June 27, 2004, and the filing of the complaint in this case on July 23, 2008.  Consequently, if Plaintiffs' claims accrued on or before June 27, 2004, those claims are time barred by D.C. Code § 12-301(8) and 29 U.S.C. § 255(a).

Though Plaintiffs argue that the limitations periods should begin to run from a later date, they have failed to provide factual support for their arguments.  On summary judgment, if the defendant has raised a statute of limitations defense, the plaintiff must show that a genuine issue of fact exists as to whether the discovery rule or equitable tolling applies.  *See Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998) ("To avoid summary judgment, [plaintiff] must show the existence of evidence sufficient to permit a reasonable conclusion that the statute of limitations should have been equitably tolled."); *Maupin v. Haylock*, 931 A.2d 1039, 1042-43 (D.C. 2007) ("[O]n [a] defendant's motion for summary judgment on the basis of the statute of limitations, 'it is the plaintiff who then bears the burden of pointing to specific facts of record that would justify the factfinder in concluding that the suit is timely' under the discovery rule.") (citation omitted) (alterations in original).  And, as noted above, unsupported allegations are insufficient to show that a genuine issue of fact remains.  Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. 317.  Here, Plaintiffs have provided no factual support for their arguments that their claims are not time barred.  They have provided no affidavits or other evidence demonstrating

---

[6] The District identified this date because it precedes the issuance of the arbitration award on June 28, 2004, and the District maintains that none of the plaintiffs were active employees and Union members at the time Arbitrator Trotter made his decision.

that they were not aware of their claims at the time they were employed, showing that the District in any way concealed the existence of the injury, or explaining when or how they were put on notice at any later date.  They have included no facts relevant to discovery of their claims in their statement of disputed facts.  Consequently, the Court has no basis for concluding that a jury could find that Plaintiffs' claims did not accrue at the times they allegedly earned compensation as detective sergeants.  *Cf. Pickett v. Potter*, 571 F. Supp. 2d 66, 70 (D.D.C. 2008) (granting summary judgment to defendant where plaintiff "fail[ed] to allege any facts that would suggest any extraordinary circumstances justifying tolling").  Consequently, all of Plaintiffs claims are time barred.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the District is entitled to summary judgment.  An appropriate order accompanies this memorandum opinion.

                                                    Henry H. Kennedy, Jr.
                                                    United States District Judge